UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 08-22608-CIV-COOKE/BANDSTRA

ELYHAU HADAD,

    *Plaintiff,*

v.

JONATHAN SCHARFEN, *et al.*,

    *Defendants*.

_____/

    **THIS MATTER** is before the Court upon Defendants' Motion to Dismiss [DE 9]. Plaintiff filed a timely response to the motion [DE 10] and Defendants have apparently chosen not to file a reply. Plaintiff requests relief under the Administrative Procedure Act ("APA"), 5 U.S.C. §706, and the Mandamus Act, 28 U.S.C. §1361.

    **BACKGROUND**

    The following facts are taken from the Complaint and have not been disputed. Plaintiff Elyhau Hadad is a lawful permanent resident of the United States. On August 17, 2004 he submitted to the United States Citizenship and Immigration Services ("USCIS") his application for naturalization, Form N-400. USCIS granted a priority date of August 17, 2004 to Hadad's application. The naturalization examination (often termed "interview") was scheduled for July 29, 2005. Two days prior to that examination date, USCIS notified Plaintiff in writing that the examination was cancelled. To date, USCIS has not rescheduled the examination and the Miami Field Office is currently processing naturalization applications with priority dates years more recent than Plaintiff's. On September 22, 2008 Hadad filed this action, titled a Complaint for Mandamus, primarily seeking to compel USCIS and the Federal Bureau of Investigations ("FBI")

to complete the processing of his naturalization application. Defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

**STANDARD OF REVIEW**

A district court is powerless to hear a matter where subject matter jurisdiction is lacking. *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974-75 (11th Cir. 2005) (noting that lower federal courts are courts of limited jurisdiction)(citing to *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)). A plaintiff bears the burden of establishing subject matter jurisdiction. *Sweet Pea Marine, Ltd., v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005). A defendant bringing a motion to dismiss under Fed. R. Civ. P. 12(b)(1) may assert a "facial attack" to jurisdiction whereupon the court will look to the complaint to determine whether the plaintiff has sufficiently alleged subject matter jurisdiction. *Lawrence v. Dumbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990). "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion – the court must consider the allegations of the complaint to be true." *Id.* at 1529. A defendant may also bring a "factual attack" challenging "'the existence of subject matter jurisdiction in fact, irrespective of the pleadings . . . .'" *Id.* (quoting *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980), cert. denied, 449 U.S. 953 (1980)). In contrast to a facial attack, when a factual attack is brought "the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56[,]" by examining and weighing evidence related to the court's subject matter jurisdiction – it's authority to hear the case – and giving no presumptiveness of truth to the plaintiff's allegations. *Id.* (quoting *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.) (1981), cert. denied, 454 U.S. 897 (1981)).

Here, although not made explicit, Defendants appear to be bringing a facial challenge.

They have challenged only the legal sufficiency for the basis of subject matter jurisdiction -- Plaintiff's claims that the APA and Mandamus Act both confer jurisdiction -- and have not challenged Plaintiff's factual assertions or raised factual assertions outside the pleadings.

**DISCUSSION**

Despite obvious tensions and unsettled issues regarding a district court's jurisdiction in cases such as these, to date, the Court has found no on-point Circuit Court of Appeals decisions[1]. Additionally, this case is a bit more uncommon than other naturalization cases, as here, no examination was ever held[2]. However, on the facts of this case, and an analysis of the application of the Mandamus Act and APA, I find that I have subject matter jurisdiction over USCIS. I do not though, have jurisdiction to compel the FBI to perform the background check.

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. §1361. Three elements must be demonstrated before mandamus can be invoked: "(1) the plaintiff must have a clear right to the relief, (2) the defendant must have a clear duty to act, and (3) no other adequate remedy must be available."

---

[1]Although I am without proof, I suspect that the reason there are no Circuit Court of Appeals decisions is that these cases simply never have reason to be directly appealed. Either, a district court finds jurisdiction and sets a hearing or compels adjudication, whereby an applicant's petition is processed and the case is mooted, or a court finds that no jurisdiction exists, and because of the lack of precedent to support an appeal, an applicant chooses to forgo a lengthy and costly appellate process and simply waits for a decision from USCIS. It may well also be that the government, through USCIS, for whatever reasons, chooses not to appeal. In any event, a Circuit Court of Appeals is bound to address the issue.

[2]Accordingly, the provision of 8 U.S.C. §1447(b) conferring jurisdiction in the event that the USCIS has failed to make a decision within 120 days of the examination is not relevant here.

*Jones v. Alexander*, 609 F.2d 778, 781 (5th Cir.1980)[3]. Similarly, an APA claim pursuant to 8 U.S.C. §706(1) "can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Norton v. Southern Utah Wilderness Alliance,* 542 U.S. 55, 64 (2004) (emphasis omitted). "Because in immigration-delay cases like this one, the duty to be enforced by way of mandamus is a duty of timeliness established by the APA, there is little reason to consider mandamus claims separately from claims under the APA." *Ali v. Frazier*, 575 F. Supp. 2d 1084, 1090 (D.Minn. 2008).

Defendants contend that Plaintiff has not and cannot meet the first two elements to invoke mandamus, and that since the naturalization process is discretionary, the APA does not confer jurisdiction. I find unpersuasive Defendants' arguments that Hadad does not have a clear right to relief and that USCIS has no duty to act. Although I agree that naturalization itself is not a right, but a privilege, *see Dorta v. Gonzales*, No. 07-21685-Civ, 2008 WL 131206, at *1 (S.D. Fla. Jan. 10, 2008), there is a right to have the application for naturalization processed and a decision rendered. *See* 8 U.S.C. §1446(d) ("The employee designated to conduct any such examination *shall* make a determination as to whether the application should be granted or denied, with reasons therefor.") (emphasis added); *El Abdi v. Chertoff,* No. 6:08-cv-292-Orl-19DAB, 2008 WL 4371351, at *5 (M.D. Fla. Sept. 22, 2008) (analyzing statutory and regulatory provisions and case law to conclude that "[b]ecause long-standing principles of administrative law establish that agencies may not unreasonably delay required action . . . the USCIS has a non-discretionary duty to adjudicate [plaintiff's] application within a reasonable amount of time"); 8 C.F.R. § 335.3(a) ("The Service officer *shall* grant the application if the applicant has complied

---

[3]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

with all requirements for naturalization under this chapter.") (emphasis added).  The APA bolsters this conclusion.  "With due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."  5 U.S.C. §555(b).  When read in combination with the requirement that a reviewing court shall "compel agency action unlawfully withheld or unreasonably delayed," 8 U.S.C. §706(1), there is little doubt that Hadad has a right to have his application adjudicated within a reasonable time, and that USCIS has a concomitant duty to ensure this happens.  Deciding whether to grant or deny an application is a discrete action that USCIS is required to take.

The argument that the pace at which this decision is made is entirely discretionary and beyond judicial review is also without merit.  The Western District of Wisconsin has deftly rebutted this argument:

> If defendants have an obligation to decide applications but have unfettered discretion to put off deciding an application for as long as they want, how could the duty to decide ever be judicially enforced? Under defendants' view, the answer to that question would be never, except perhaps if they expressly refused to make a decision. So long as defendants say that they are still reviewing the application (or even if they say nothing at all), an applicant must continue to wait indefinitely, no matter how long the delay has been. Such discretion would strip defendants' duty of any meaning: "The duty to act is no duty at all if the deadline is eternity."

*Saleem v. Keisler,* 520 F.Supp.2d 1048, 1055 (W.D. Wis. 2007) (citation omitted); *see also Miranda v. Gonzales*, No. 08-20682-CIV-HOEVELER (S.D. Fla. Aug. 25, 2008) (citing *Saleem* and concluding that USCIS has a non-discretionary duty to process naturalization applications).

Although I have found that Hadad meets the elements to invoke mandamus against USCIS, I still must address whether mandamus is appropriate as to the FBI.  I conclude that it is

not.  This question was well-analyzed by the Middle District of Florida in *El Abdi*, where the court held that in the naturalization application process the FBI has no mandatory duty to act that may be compelled by mandamus.  2008 WL 4371351, at *7 (discussing cases, Department of Justice Appropriations Acts, and federal regulations before concluding that the FBI is not compelled by statute or regulation to perform the background check); *see Sawan v. Chertoff,* 589 F. Supp. 2d 817, 828 (S.D. Tex. 2008) ("Because the FBI is not 'demanded by law' to conduct name checks for naturalization applications, [plaintiff's] APA claims against the FBI cannot proceed.").

**CONCLUSION**

For the reasons set forth above, Defendants' Motion to Dismiss [DE 9] is **GRANTED** *in part* and **DENIED** *in part*.  Plaintiff's claims against USCIS may proceed.  All claims against the FBI and Robert S. Mueller, III are **DISMISSED** *without prejudice* for lack of subject matter jurisdiction.  Additionally, Plaintiff's Motion for Hearing [DE 11] is **DENIED**.  A separate order, however, setting a hearing on the status of Plaintiff's application will be entered.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of March 2009.

_____
MARCIA G. COOKE
United States District Judge

Copies furnished to:
Honorable Ted E. Bandstra
Counsel of Record