# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### MIAMI DIVISION

CASE NO.: 08-22608-CIV-COOKE-BANDSTRA

ELYHAU HADAD,

     *Plaintiff,*

v.

JONATHAN SCHARFEN, *et al.*,

     *Defendants*.

_____/

## ORDER ON DEFENDANT'S MOTION TO STRIKE
## PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

THIS CASE is before me on the Defendant's Motion to Strike the Plaintiff's Motion for

Attorney's Fees and Costs [D.E. 22]. I have reviewed the Parties' arguments, the relevant legal

authorities, the Report and Recommendation from the Magistrate Judge,[1] and the objections to

the Magistrate Judge's Report. For the reasons explained below, Defendant's motion to strike is

denied.

## I. BACKGROUND

Plaintiff, Elyhau Hadad, filed a complaint for mandamus relief against the United States

Citizenship & Immigration Services ("USCIS"), seeking to compel USCIS to process and

adjudicate his application for naturalization. Mr. Hadad's complaint also sought an award of

---

[1] The motion to strike was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. A motion for attorney's fees, when referred to a magistrate judge, is treated "as if it were a dispositive pretrial matter." Fed. R. Civ. P. 54(d)(2)(D). After considering a dispositive motion, a magistrate judge enters a recommended disposition, and the parties may then file objections to the magistrate judge's recommendation. Fed. R. Civ. P. 72(b). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

USCIS responded to the complaint by filing a motion to dismiss, arguing the Court lacked

subject matter jurisdiction to grant the relief sought by Mr. Haded.

On March 12, 2009, I denied USCIS' motion to dismiss.  On March 31, 2009, the Parties

agreed to a "stipulated order" requiring USCIS to render a decision on Mr. Hadad's

naturalization application no later than July 22, 2009.  (Stip. for Order of Dismissal [D.E. 18]).

On March 31, 2009, I entered an order of dismissal, based on the Parties' stipulation, retaining

jurisdiction to enforce the Parties' agreement.  (Order of Dismissal [D.E. 19]).  Eighty-nine days

after the entry of the Order of Dismissal, Mr. Hadad filed his motion for attorney's fees.  USCIS

has moved to strike the motion for attorney's fees as untimely.

## II.  LEGAL STANDARDS

"A party seeking an award of fees and other expenses shall, within thirty days of final

judgment in the action, submit to the court an application for fees and other expenses which

shows that the party is a prevailing party and is [otherwise] eligible."  28 U.S.C. § 2412(d)(1)(B).

As expressed in 28 U.S.C. § 2412(d)(1)(B), "'final judgment' means a judgment that is final and

not appealable, and includes an order of settlement."  28 U.S.C. § 2412(d)(2)(G).  A judgment

becomes "final," under the EAJA, when "a party's case has met its final demise, such that there is

no longer any possibility that the district court's judgment is open to attack."  *Myers v. Sullivan*,

916 F.2d 659, 669 (11th Cir. 1990).  A "functional approach" is employed in determining what

constitutes a "final judgment" under the EAJA – a court should construe circumstances broadly

"so as not to deprive the unwitting claimant of attorney's fees."  *Id.*  "So long as the government

possesses the right to appeal and has not given a clear, unequivocal indication that no appeal will

be forthcoming, a claimant for fees may reasonably assume that the government will be mounting a challenge to the district court's post-remand judgment." *Id.* at 672.

"Where the parties have agreed to entry of an order or judgment without any reservation relevant to the issue sought to be appealed, one party may not later seek to upset the judgment, unless lack of 'actual consent' or a failure of subject matter jurisdiction is alleged." *Dorse v. Armstrong World Indus., Inc.*, 798 F.2d 1372, 1375 (11th Cir. 1986).

### III.  ANALYSIS

The single issue here is whether my Order of Dismissal [D.E. 19] was appealable or not. If it was appealable, then Mr. Hadad's motion for attorney's fees was timely.  Given the context of this case, where USCIS has already argued the Court lacked subject matter jurisdiction and I had denied that motion, I find that the Order was appealable.  Since USCIS had the right to appeal, despite the agreed order, argued at the appellate level that the Court lacked subject matter jurisdiction.  Accordingly, Mr. Hadad's motion for attorney's fees was timely.

As a threshold matter, the statutory definition of a "final judgment" for EAJA purposes "includes" orders of settlement, so long as the order of settlement is "final and not appealable." *See* 28 U.S.C. § 2412(d)(2)(G).  It is incorrect to state that an order of settlement is, by definition, a "final judgment" under the EAJA.  The proper reading of 28 U.S.C. § 2412(d)(2)(G) is that an order of settlement can be a "final judgment" under the EAJA, if it is otherwise final and not appealable.

The Eleventh Circuit Court of Appeals has recognized that there may be tactical reasons for a party to stipulate to a dismissal, in order to position a case for appellate review.  *Dorse*, 798 F.2d at 1375.  In these types of cases, where a party seeks to appeal from a dismissal that was

voluntarily sought for the purpose of obtaining appellate review of an otherwise interlocutory order, "[t]he doctrine that one may not appeal from a consent judgment does not apply." *Id.* at 1375-76 (quoting *Greenhouse v. Greco*, 544 F.2d 1302, 1305 (5th Cir. 1977)).

When I denied the motion to dismiss for lack of subject matter jurisdiction, USCIS could not immediately appeal this order. *See In re Durensky*, 519 F.2d 1024, 1028 (5th Cir. 1975) ("The denial of a motion to dismiss for lack of jurisdiction is an interlocutory order which is not ordinarily appealable."). One of the quickest way for USCIS to challenge this Court's jurisdiction at the appellate level would be for it to enter into a voluntary dismissal, which it could then appeal. Therefore, since USCIS had the right to appeal (given its position that the Court lacked subject matter jurisdiction to hear the case) and because USCIS has given no clear, unequivocal indication that it would not be appealing the Court's entry of the order of dismissal, it was reasonable for plaintiff to assume that an appeal could be forthcoming, up until the expiration of the time to file the appeal.

Mr. Hadad has argued in the alternative, that because the Order of Dismissal required USCIS to render a decision on his naturalization application by a date certain, the stipulation and subsequent order effectively served as a remand to USCIS. Under this view, it is arguable that "final judgment," for EAJA purposes, did not occur until the expiration of the time set out in the Order for USCIS to process the naturalization application. *See Martindale v. Sullivan*, 890 F.2d 410, 411 (11th Cir. 1989) ("a court order remanding a case to the [federal agency] for further administrative proceedings is an interlocutory order and not a final judgment"). In past cases before this Court, USCIS has opposed a motion for attorney's fees as being filed prematurely when a similar matter was remanded, arguing that a remand to USCIS for adjudication was not a

final judgment for EAJA purposes – even when the remand was accompanied by an order of

dismissal.  (*Compare* Order Remanding Case [D.E. 11], *and* Order Dismissing Case [D.E. 12],

*with* Def.'s Resp. to Pl.'s Mot. for Att'y Fees [D.E. 19], as filed in *Silebi de Donado v. USCIS*,

Case No. 07-20190-FAM).

The cumulative effect of these circumstances is to create a confusing situation for a

plaintiff seeking to recover attorney's fees under the EAJA.  If a plaintiff files his or her motion

too early the Government opposes it as premature, if the motion is filed too late the Government

opposes it as untimely.  The thirty-day filing requirement is not designed to serve as a trap for the

unwary.  *Myers*, 916 F.2d at 668 (cautioning that "overtechnical constructions of the [thirty-day

filing] requirement should be avoided).  "[U]nless the time for filing an appeal has expired, it is

frequently difficult for the private party to determine when a district court order or settlement

should be considered nonappealable."  *Id*. at 669.  The solution to this confusion is simple – the

Government may, at any time, give a "clear and unequivocal indication that no appeal will be

forthcoming," and once it has done so, a plaintiff is on notice that the thirty-day time for seeking

attorney's fees has commenced.  *Id.*

**IV.  CONCLUSION**

USCIS could have appealed the Order of Dismissal, despite the fact that the Order was

predicated on a stipulation between the Parties.  USCIS had already challenged this Court's

subject matter jurisdiction, and following the Order of Dismissal was free to take up this

challenge again on appeal.  USCIS gave no clear and unequivocal indication that it would not

appeal the Order.  Therefore, the Order of Dismissal did not become a "final judgment" for

EAJA purposes until the expiration of USCIS' time to appeal, *i.e.*, sixty days after the entry of

the Order.  At the conclusion of the sixty days, the thirty-day filing requirement for attorney's

fees under the EAJA commenced.  Mr. Hadad timely filed his motion for attorney's fees within

that thirty-day window.  For these reasons, I decline to adopt the Magistrate Judge's

recommended disposition, and it is, **ORDERED and ADJUDGED** that:

**1)** The Defendant's Motion to Strike Plaintiff's Motion for Attorney's Fees and Costs

[D.E. 22] is **DENIED**.  The Defendant must file its response to Mr. Hadad's Motion for

Attorney's Fees, if any, within seven days from the date of this order.

**2)**  Relatedly, Mr. Hadad's Motion for Entry of Separate Document of Judgment [D.E.

27] is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, on this 17th day of February 2010.

_____

MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Ted E. Bandstra, U.S. Magistrate Judge*
*All counsel of record*